IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE W. POLLARD, JR.,       ) | |
| ) | |
| ) | |
| Plaintiff,     ) | |
| ) | |
| v.     ) | CIVIL ACTION NO. 3:12-CV-292-TMH |
| ) | [WO] |
| ) | |
| STACY SHIREY, *et al*.,     ) | |
| ) | |
| Defendants.     ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by Plaintiff, an inmate incarcerated at the Chambers County Jail located in LaFayette, Alabama. In this complaint, Plaintiff asserts that on January 18, 2012, members of the Chambers County Drug Task Force searched his home without a warrant. Following the search, Plaintiff was arrested and imprisoned on charges of unlawful manufacture of a controlled substance (methamphetamine). Lieutenant Johnny Wood and Stacy Shirey are the named defendants. Plaintiff requests that he be compensated for the loss of his job, car, work tools, and time imprisoned. Plaintiff further requests that the officers involved in his alleged illegal arrest be punished. (*Doc. No. 1*.)

Upon review of the allegations contained in the complaint, the court concludes that

this case is due to be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II. DISCUSSION

Plaintiff complains that he was subjected to an unlawful arrest pursuant to an illegal search and seizure of his home on January 18, 2012. Specifically, Plaintiff asserts that law enforcement officials searched his home without his consent or a search warrant and also demanded that Plaintiff give them a box of cold pills his wife had bought at Wal-Mart shortly before the search occurred. Plaintiff was then arrested and imprisoned on a charge of unlawful manufacture of methamphetmine. Plaintiff went to court on March 16, 2012, for a preliminary hearing.[2] (*Doc. No. 1 at 4-5*.)

Plaintiff's claims are due to be dismissed under *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 3*.) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[2] Plaintiff indicates that his attorney advised him to waive the preliminary hearing, as the District Attorney indicated a willingness to engage in plea negotiations. (*Doc. No. 1 at 4*.)

2

must therefore be dismissed. 512 U.S. at 483-489. Absent such an invalidation, the section 1983 suit must be dismissed. *Id.*

The rule of *Heck v. Humphrey* "applies not only to convicted persons but also to plaintiffs . . . who as yet only face prosecution." *Wiley v. City of Chicago,* 361 F.3d 994, 996 (7th Cir. 2004) (citation omitted). Thus, where charges are outstanding against a plaintiff and his constitutional claims would necessarily imply the invalidity of a potential conviction, the action would be barred under *Heck. See Heck*, 512 U.S. 487 n. 7 ("[A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that ... result[ed] in the § 1983 plaintiff's still-outstanding conviction [so long as success on the illegal search claim] would not necessarily imply that the plaintiff's conviction was unlawful."); *Wiley*, 361 F.3d at 997 ("If, as alleged, Wiley was arrested and prosecuted solely on the basis of drugs planted by the arresting officers, then any attack on the arrest would necessarily challenge the legality of a prosecution premised on the planted drugs."); *Josey v. Texas Dep't of Public Safety,* 101 Fed. App'x. 9 (5th Cir. 2004) (dismissing, under *Heck,* pretrial detainee's § 1983 suit claiming there was no probable cause for his arrest, he was not read his *Miranda* rights and he was being denied the right to a speedy trial, where resolving those claims in detainee's favor would undermine the validity of his potential conviction for driving while intoxicated); *Braxton v. Scott*, 905 F. Supp. 455, 458 (N.D. Ohio 1995) (Claims arising from an alleged illegal search may be brought

under section 1983 "only if success would not undermine the conviction...."). 

Here, Plaintiff's allegation that law enforcement officers conducted an illegal search and seizure in his home is precisely the type of claim that is barred under *Heck,* as the factual basis for Plaintiff's constitutional claims would inevitably undermine any potential conviction on his pending drug charge. Consequently, summary dismissal of Plaintiff's constitutional challenges is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Heck*, 512 U.S. at 487 n.7.

The court also finds that because Plaintiff's criminal case is pending, abstention is warranted. The abstention doctrine of *Younger v. Harris,* 401 U.S. 37, 59 (1971), establishes that under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctions or declaratory relief absent extraordinary circumstances. *Id.* at 44. Abstention in favor of state judicial proceedings is required if the proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and if the federal relief sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders,* 304 F.App'x 814, 816 (11th Cir. 2008) (*per curiam*). The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." 401 U.S. at 43; *see also Herrera v. Safir,* 17

F. App'x 41, 42 (2nd Cir. 2001) (holding that the plaintiff's claim to enjoin his criminal prosecution was barred by *Younger* because his state court criminal trial was pending, providing the opportunity to raise his constitutional claims where there was no showing of prosecutorial or judicial bad faith).

A federal court could enjoin a pending state criminal proceeding only if "the danger of irreparable loss is both great and immediate," and only if "the threat to the plaintiff's federally protected rights [is] one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 45–46 (internal citation and quotation marks omitted). To justify federal intervention, Plaintiff "must show manifest bad faith and injury that is great, immediate, irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and result in a deprivation of meaningful access to the state courts." *Allee v. Medrano,* 416 U.S. 802, 836 (1974).

In this case, Plaintiff has not alleged that the pending state court proceedings regarding the charges made the subject of his complaint will not provide him with an adequate opportunity to raise his federal constitutional claims. Further, Plaintiff has not alleged any prosecutorial or judicial bad faith, nor is any bad faith apparent from the record. He has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff may vindicate his constitutional rights in the ongoing state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances

which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45.

Because *Younger* precludes the court from issuing an injunction against Plaintiff's pending state court trial proceedings, this court must abstain from considering the merits of Plaintiff's challenges to the alleged illegal search and seizure and unlawful arrest. Accordingly, dismissal of the complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as Plaintiff's claims are not cognizable in a 42 U.S.C. § 1983 action at this time.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED without prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. This case be DISMISSED prior to service of process.

It is further

ORDERED that on or before **May 7, 2012,** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 23rd day of April, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE